United States District Court
Southern District of Texas
**ENTERED**
March 30, 2017
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MICHAEL  RESHKOVSKY, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:16-CV-1572 |
| | § | |
| DAVID  VALERIO, *et al*, | § | |
| | § | |
| Defendants. | § | |

## OPINION AND ORDER

Pending before the Court are Defendant Houston Independent School District's ("HISD's") Motion to Dismiss (Document No. 6) and Defendant David Valerio's ("Valerio's") Motion to Dismiss (Document No. 12).  Plaintiff has not filed a response. Upon review of these documents, the facts, and the relevant law, the Court determines that Defendant Valerio's Motion and Defendant HISD's Motion will be granted.

Background

Plaintiff Michael Reshkovsky was a student at HISD, where Defendant Valerio was a teacher, and Defendant Robert Gasparello ("Gasparello") is the principal. (Document No. 1 at 1-4). Plaintiff alleges that Valerio engaged in an inappropriate relationship with him, constituting the typical "grooming" performed by sexual predators, and on one occasion, February 1, 2013 Valerio "grabbed Plaintiff's groin." *Id*. at 4-5. Plaintiff immediately reported this to another teacher, and on the same day discussed the incident with Gasparello. *Id*. at 6. Plaintiff was then transferred out of Valerio's class, and contacted by an investigator with the Juvenile Sex Crimes Division from HISD, but "stated that he did not wish to pursue the matter any further." *Id*. At some point after the incident, around October 2013, Plaintiff's mother, Ms. Cisneros ("Cisneros"), met with Gasparello, who allegedly told her that he did not believe Plaintiff, and

told her to withdraw him from school. *Id*. at 7. Cisneros complied, enrolling Plaintiff in another high school. *Id*.

In early 2014 Plaintiff was questioned by investigators with the Harris County District Attorney's Office, but was informed by the Special Victims Bureau that "they would be unable to prosecute Defendant VALERIO due to many circumstance [*sic*], such as the way the case was investigated by Defendant GASPARELLO and Defendant HOUSTON ISD." *Id*. Subsequently, in late January 2015, Plaintiff was interviewed by HISD in regards to an ongoing lawsuit regarding the termination of Defendant Valerio. *Id*. at 8. Plaintiff provided a statement, and on May 14, 2015 HISD "considered and approved a Separation Agreement and Full and Final Release with Defendant VALERIO." *Id*.

Plaintiff states that Gasparello violated Section 261.101 of the Texas Family code when he did not make a report of the alleged abuse within 48 hours. *Id*. at 9-10. Because of this conduct, Gasparello "agreed to accept an Inscribed Reprimand." *Id*. at 10. Furthermore, Plaintiff alleges that "Defendants either knew or had constructive knowledge of Defendant VALERIO's past history of improper sexual conduct with students of Sharpstown High School." *Id*.

Plaintiff then brought this suit against Defendants. Plaintiff states that "each Defendant was the agent and employee of Defendant HOUSTON ISD and was acting within such agency and employment, and that each Defendant was acting under the color of state law," and states that he is suing both Valerio and Gasparello in their individual and official capacities. *Id*. at 2, 8. Plaintiff's claims are as follows:

(1) Plaintiff brings a claim under 42 U.S.C. § 1983 against Gasparello, alleging "[v]iolation of his constitutional rights under the Fourteenth Amendment to the United States Constitution to be free from state-sponsored deprivation of liberty [bodily integrity] without due

process of law and enjoyment of equal protection under the law." *Id.* at 9. Plaintiff alleges that "Defendant GASPARELLO is liable for failing to supervise, failing to train, and/or acquiescing to unconstitutional behavior by subordinates," and is liable for his failure to investigate and report the incident. *Id.* at 12.

(2) Plaintiff also brings a § 1983 claim against HISD for failure to train and supervise teachers and school officials, failure to adequately supervise and discipline Valerio, responding with indifference to his claims, and failure to "establish adequate procedures for reviewing teacher performance." *Id.* at 13-14.

(3) Plaintiff brings an assault and battery claim against Valerio. *Id.* at 15-16. Plaintiff also brings this claim against HISD, stating that his resulting injuries "were the direct and immediate consequences of Defendant HOUSON ISD's tortious acts." *Id.* at 16.

(4) Plaintiff brings a Title IX claim against HISD for its failure "to have policies, procedures, practices, and customs in place to assure Plaintiff MICHAEL RESHKOVSKY was not a victim of harassment based upon his gender." *Id.* at 17. Plaintiff also appears to bring this claim against Gasparello, stating that he "had the duty to report child abuse and they had the authority to investigate the abuse and take disciplinary action, but they acted with deliberate indifference by failing to make any report to take any corrective action until more than two months had passed since being made aware of the first allegation of suspected child abuse by Defendant VALERIO." *Id.*

(5) Plaintiff brings an intentional infliction of emotional distress claim against Valerio and HISD. *Id.* at 17-18. Plaintiff states that Valerio's conduct was outrageous, and that "[s]uch conduct by the Defendant VALERIO and Defendant HOUSTON ISD proximately caused Plaintiff's emotional distress, which was severe, as the acts caused his embarrassment, fright,

horror, grief, shame, humiliation, and worry." *Id.* at 18.

Pursuant to the above claims, Plaintiff asks for general damages, as well as punitive damages under § 1983, due to Defendants' egregious wrongdoing. *Id.* at 19.

Standard of Review

When a district court reviews a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), it must construe the complaint in favor of the plaintiff and take all well-pleaded facts as true. *Wolcott v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011) (citing *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009)). Dismissal is appropriate only if the complaint fails to plead "enough facts to state a claim to relief that is plausible on its face." *Leal v. McHugh*, 731 F.3d 405, 410 (5th Cir. 2013) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Montoya v. FedEx Ground Package System, Inc.*, 614 F.3d 145, 148 (5th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The plausibility standard is not akin to a "probability requirement," but asks for more than a "possibility that a defendant has acted unlawfully." *Twombly*, 550 U.S. at 556. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . ." *Id.* at 544.

Discussion

*(1) Tort Claims*

*Tort claims against Defendant Valerio*

Plaintiff has asserted his claims of assault and battery and intentional infliction of

emotional distress against Valerio in his official capacity and individually. (Document No. 1 at 1). The Court agrees with Defendants that the Texas Tort Claims Act ("TTCA") rules regarding "Election of Remedies" bar recovery against Valerio. The relevant portions of the TTCA are as follows:

> (e) If a suit is filed under this chapter against both a governmental unit and any of its employees, the employees shall immediately be dismissed on the filing of a motion by the governmental unit.
> (f) If a suit is filed against an employee of a governmental unit based on conduct within the general scope of that employee's employment and if it could have been brought under this chapter against the governmental unit, the suit is considered to be against the employee in the employee's official capacity only. On the employee's motion, the suit against the employee shall be dismissed unless the plaintiff files amended pleadings dismissing the employee and naming the governmental unit as defendant on or before the 30th day after the date the motion is filed.

Tex. Civ. Prac. & Rem. Code Ann. § 101.106. These rules exist to "protect governmental employees by favoring their early dismissal when a claim regarding the same subject matter is also made against the governmental employer." *Mission Consol. Indep. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 657 (Tex. 2008). Section (e) provides for dismissal of an individual where the individual has been sued in his individual capacity, while section (f) provides for dismissal when the employee has been sued in his official capacity. *Lopez v. Harris Cty.*, No. CV H-15-3077, 2016 WL 5884750, at *8–9 (S.D. Tex. Oct. 7, 2016), *judgment entered sub nom. Lopez v. Harris Cty., Texas*, No. CV H-15-3077, 2016 WL 5887250 (S.D. Tex. Oct. 7, 2016) (citation omitted). Because Plaintiff has sued both HISD and Valerio for tort claims in this case, and HISD has filed a motion to dismiss Valerio, section (e) bars Plaintiff's claims against Valerio in his individual capacity. *Id.*[1] Therefore Plaintiff's tort claims against Valerio in his individual capacity are dismissed.

---

[1] Confusingly, in the Complaint Plaintiff only appears to allege his claims against Valerio in his official capacity, stating that his actions were "committed within the scope of his employment." (Document No. 1 at 2). For thoroughness, though, the Court finds that, even if the claims were intended to be alleged against Valerio in his individual capacity, the claims are barred.

Furthermore section (f) bars claims asserted against Valerio in his official capacity. "For purposes of the TTCA, an employee is considered to have been sued in his official capacity when the suit (1) is based on conduct within the general scope of his employment, and (2) could have been brought under the TTCA against the government." *Id.* at *9. In this case, although Plaintiff states that he has asserted claims against Valerio both individually and in his official capacity, Plaintiff says in the Complaint that "[e]ach of the acts complained of arise from the conduct of Defendant VALERIO while acting under the color of state law, and was committed within the scope of his employment with the HOUSTON INDEPENDENT SCHOOL DISTRICT." (Document No. 1 at 2). Thus, the first prong is conceded by Plaintiff. In addition, Plaintiff could have brought (and did bring) his claims against HISD under the TTCA. Although Plaintiff does not specifically state that his tort claims were brought under the TTCA, the Texas Supreme Court has held that "[b]ecause the Tort Claims Act is the only, albeit limited, avenue for common-law recovery against the government, all tort theories alleged against a governmental unit, whether it is sued alone or together with its employees, are assumed to be 'under [the Tort Claims Act]' for purposes of section 101.106." *Mission Consol.* 253 S.W.3d at 659 (citation omitted). Plaintiff's claims of assault and battery and intentional infliction of emotional distress are assumed to have been brought under the TTCA. This assumption holds regardless of whether the TTCA actually waives immunity for said claims. *See Alexander v. Walker*, 435 S.W.3d 789, 792 (Tex. 2014) (citing *Franka v. Velasquez*, 332 S.W.3d 367, 379-80 (Tex. 2011)). Lastly, as required under the statute, Valerio has filed a Motion to Dismiss. Plaintiff's tort claims against Valerio in his official capacity will also be dismissed.

*Tort Claims against Defendant HISD*

HISD has sovereign immunity for the tort claims asserted against it. As noted by Defendants, "Texas school districts retain their sovereign/governmental immunity from all common law claims unless the Texas Legislature has expressly waived immunity in a specific statute." (Document No. 6 at 7). The TTCA offers a limited waiver of immunity for certain tort claims against governmental entities, but this waiver does not extend to intentional torts such as assault, battery, and intentional infliction of emotional distress. Tex. Civ. Prac. & Rem. Code Ann. § 101.057 ("This chapter does not apply to a claim…arising out of assault, battery, false imprisonment, or any other intentional tort, including a tort involving disciplinary action by school authorities."). *See*, *e.g.*, *Brown v. Taylor*, No. 4:12-CV-698-A, 2016 WL 6583660, at *6 (N.D. Tex. Nov. 4, 2016). Therefore Plaintiff's assault, battery, and intentional infliction of emotional distress claims against HISD will be dismissed.

*(2) § 1983 Claims*

*§ 1983 Claim against Defendant Gasparello*

In his Complaint, Plaintiff states that he is suing Gasparello in his individual and official capacities. (Document No. 1 at 2).  The § 1983 claim against Gasparello in his official capacity is repetitive of the § 1983 claim against HISD. As the Supreme Court explained in *Kentucky v. Graham*:

> Official-capacity suits… "generally represent only another way of pleading an action against an entity of which an officer is an agent." *Monell v. New York City Dept. of Social Services,* 436 U.S. 658, 690, n. 55, 98 S.Ct. 2018, 2035, n. 55, 56 L.Ed.2d 611 1978). As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity. *Brandon, supra,* 469 U.S., at 471–472, 105 S.Ct., at 878.[2] It is *not* a suit against the official personally, for the real party in interest is the entity.

473 U.S. 159, 165–66 (1985). Therefore, because the Plaintiff's § 1983 claim against Gasparello

---

[2] *Brandon v. Holt*, 469 U.S. 464 (1985).

in his official capacity is really a suit against HISD, already a party to this case, the claim will be dismissed. *Jenkins v. Bd. of Educ. of Houston Indep. Sch. Dist.*, 937 F. Supp. 608, 613 (S.D. Tex. 1996).

The allegations against Gasparello, to the extent they are claimed to be in his individual capacity are also unavailing.  The factual basis for Plaintiff's §1983 liberty interest/bodily integrity claim is that he was sexually assaulted in the classroom by Defendant Valerio on February 1, 2013, but there is no allegation that Gasparello was in any way involved in the sexual assault.  In *Iqbal* the claim asserted by the plaintiff was that the Attorney General of the United States and the director of the FBI "knew of, condoned, and willfully and maliciously" acted in violation of his rights under *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 1971 (analogous to suits against state officials for violations of fourteenth amendment rights under 42 U.S.C. §*1983*).  The Supreme Court held that supervisory officers could not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*, but only for their own individual acts in violation of the Constitution.  "Absent vicarious liability, each Government official, his or her title notwithstanding, is only liable for his or her own misconduct."  *Iqbal*, at 677.   Here the Plaintiff alleges that "Defendants [including Gasparello], failed to install, maintain and enforce the proper procedures and measures to prevent the acts in question as a matter of policy, which allowed and caused the alleged events to occur." Doc. 1 at paragraph 12).  Plaintiff asserts no facts to support his conclusory allegation that his alleged constitutional deprivation resulted from any personal misconduct of Gasparello.

The allegation is that Gasparello failed to train his subordinates, presumably Valerio, and that failure led to the constitutional violations against the Plaintiff.  Doc. 1 at paragraph 5.6.

Failure to train, however, is not a separate cause of action under §1983, but is a method for proving entity liability for the violation of an independent constitutional right.  See, for example, *Segal v. City of New York*, 459 F.3d 207, 219 (2d Cir. 2006) ("*Monell* [*v. Dep't of Soc. Servs.*, 436 U.S. 658, (1978)] does not provide a separate cause of action for the failure by the government to train its employees; it *extends* liability to a municipal organization where that organization's failure to train, or the policies or customs that it has sanctioned, led to an independent constitutional violation.").

The scope of failure to train liability is a very narrow one indeed.  *City of Canton v. Harris,* 489 U.S. 378 (1989), *Connick v. Thompson*, 563 U.S. 51, (2011).  In all of these kinds of cases the plaintiff must show that the "failure to train" directly resulted in the plaintiff's injury.  No injury is alleged after the incident of February 1, 2013.  Rather, Plaintiff alleges that "Gasparello is liable for failing to supervise, failing to train, and/or acquiescing to unconstitutional behavior by subordinates."  Doc 1 at paragraph 5.6.  Gasparello is further alleged to have shown "deliberate indifference to Plaintiff's constitutional rights by failing to properly train and supervise Houston Independent School District teachers and/or offices [sic]"  *Id*.  It is also alleged that "Gasparello is liable under § 1983, as there is a casual [sic] connection between their [sic] actions and/or omissions and Plaintiff's constitutional violations, as outlined throughout this entire pleading." *Id*.  Finally, Plaintiff alleges that "Gasparello's supervisory failures, including their [sic] failure to properly investigate and/or report suspected child abuse, amounted to a departmental policy that violated Plaintiff's civil rights.  Defendant Gasparello also failed to act despite allegations of a pattern of inappropriate sexual behavior by Defendant Valerio." *Id*.  These allegations against Gasparello, which would seem to amount to those duties he allegedly failed to perform in his official capacity, simply do not rise to the level, mandated

by *Iqbal* and *Twombly*, to state a claim for §1983 liability that "is plausible on its face" (*Iqbal* at 678), in either capacity, as discussed above on page 4 and below in the next section of this opinion.

§ 1983 Claim against Defendant HISD

Defendants argue that "Plaintiff has failed to plead facts that the alleged sexual assault against him occurred in accordance with official Houston ISD policy or firmly entrenched custom tolerating misconduct, as required for municipal liability under *Monell*" (Doc. 6 at 8) and the Court agrees.

Title 42 U.S.C. § 1983 does not grant substantive rights, but provides a vehicle for a plaintiff to vindicate rights protected by the United States Constitution and other federal laws. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). It provides a cause of action for individuals who have been "depriv[ed] of [their] rights, privileges, or immunities secured by the Constitution and laws" of the United States by "a person" acting under color of state law. *Id.* The Supreme Court has made it clear that "a municipality cannot be held liable *solely* because it employs a tortfeasor, or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell,* at 691. Rather, "to distinguish individual violations perpetrated by local government employees from those that can be fairly identified as actions of the government itself," municipal liability under § 1983 requires proof of three elements: "a policymaker; an official policy; and a violation of constitutional rights whose 'moving force' is the policy or custom." *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001) (citing *Monell*, 436 U.S. at 694). The HISD Board of Trustees is the "one and only policymaker for HISD." *Rivera v. Hous. Indep. Sch. Dist.*, 349 F.3d 244, 248 (5th Cir. 2003). An "official policy" is:

1. A policy statement, ordinance, regulation, or decision that is officially adopted or promulgated by the municipality's lawmaking officers or by an official to whom the

lawmakers have delegated policy-making authority; or

2. A persistent, widespread practice of city officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy. Actual or constructive knowledge of such custom must be attributable to the governing body of the municipality or to an official to whom that body had delegated policy-making authority.

*Webster v. City of Houston*, 735 F.2d 838, 841 (5th Cir. 1984) (*per curiam*). Accordingly, to state a claim against HISD, Plaintiffs must allege facts showing that the school district's "final policymaker," the school board actually adopted an unconstitutional policy or that it otherwise knew about or acquiesced in a permanent and deeply imbedded, abusive, and unconstitutional practice. *See Piotrowski*, 237 F.3d at 578–79.

In his complaint, Plaintiff includes no references at all to the school board, the official policymaker for HISD, but instead only refers to school officials.[3] Without allegations relating to a policymaker, or alleging that an official was delegated policy-making authority, Plaintiff cannot meet the first prong for liability under *Monell*. Merely referring to school officials as "policymakers" is conclusory, and insufficient under Rule 12(b)(6). *Twombly*, 550 U.S. at 556. As noted by Defendants, "Plaintiff does not allege that the Houston ISD Board of Education had any involvement in the assault against him. He has not alleged that the Houston ISD Board of Education adopted policies, regulations, bylaws, or ordinances that contributed to the assault, nor that the Board permitted 'persistent and widespread practices' or 'practices that are permanent and well settled and deeply embedded traditional ways of carrying out policy.'" (Document No. 6 at 9-10) (citing *Bennett v. City of Slidell*, 728 F.2d 762 768 (5th Cir. 1984)). In addition to failing to allege the first prong under *Monell*, Plaintiff also fails to meet the second: an official policy. Plaintiff makes no allegation of an official policy, nor does Plaintiff allege any incidents

---

[3] It is not clear whether Plaintiff is only alleging that Gasparello was the "official" at fault, or whether Plaintiff is asserting his claims against additional HISD officials as well. Regardless, the official policymaker for HISD is the school board, which Plaintiff does not mention. A principal, such as Gasparello, does not have final policy making authority. *Rivera v. Hous. Indep. Sch. Dist.*, 349 F.3d 244, 248 (5th Cir. 2003) (citations omitted).

other than the alleged sexual assault. *See Rivera*, 349 F.3d at 247 ("[I]solated unconstitutional actions by municipal employees will almost never trigger liability."); *Fraire v. City of Arlington*, 957 F.2d 1268, 1278 (5th Cir. 1992) ("Allegations of an isolated incident are not sufficient to show the existence of a custom or policy."). For these reasons, Plaintiff fails to state a claim against HISD under § 1983.

Plaintiff's attempts to assert that HISD is liable due to its inadequate policies regarding hiring, training, and supervising fail for similar reasons.  Demonstrating liability on these bases requires proof that "(1) the training or hiring procedures of the municipality's policymaker were inadequate, (2) the municipality's policymaker was deliberately indifferent in adopting the hiring or training policy, and (3) the inadequate hiring or training policy directly caused the plaintiff's injury." *Baker v. Putnal*, 75 F.3d 190, 200 (5th Cir. 1996) (citations omitted). *See also*, *City of Canton v. Harris, 489 U.S. 378,* 389 (1989) ("Only where a municipality's failure to train its employees in a relevant respect evidences a 'deliberate indifference' to the rights of its inhabitants can such a shortcoming be properly thought of as a city 'policy or custom' that is actionable under § 1983."); *Ward v. Quada*, No. CIV.A H-09-2759, 2009 WL 3602075, at *6 (S.D. Tex. Oct. 27, 2009) ("In a § 1983 claim for failure to supervise or train, the plaintiff must show that: '(1) the supervisor either failed to supervise or train the subordinate official; (2) a causal link exists between the failure to train or supervise and the violation of the plaintiff's rights; and (3) the failure to train or supervise amounts to deliberate indifference.'") (citations omitted). To demonstrate deliberate indifference, "[a] pattern of similar constitutional violations by untrained employees is 'ordinarily necessary.'" *Connick v. Thompson*, 563 U.S. 51, 62 (2011) (citation omitted). In the absence of previous violations, a plaintiff must show the alleged violation was a "highly predictable consequence" of a failure to train. *Bd. of Cty. Comm'rs of*

*Bryan Cty., Okl. v. Brown*, 520 U.S. 397, 398 (1997). Here, Plaintiff has not alleged any previous violations, nor has he claimed that any alleged violations were a "highly predictable consequence" of HISD's failure to train. Plaintiff merely states that Defendants acted with "deliberate indifference," which is a conclusory statement insufficient to state a claim under Rule 12(b)(6). *Twombly*, 550 U.S. at 556. For these reasons, Plaintiff's § 1983 claim against HISD will be dismissed.

*(3) Title IX Claims*

> *Title IX Claim against Defendant HISD*

Plaintiff states that HISD is liable under Title IX for its "failure to have policies, procedures, practices, and customs in place to assure Plaintiff MICHAEL RESHKOVSKY was not a victim of harassment based upon his gender and/or sexual assaults." (Document No. 1 at 17). Plaintiff also states that "Defendant GASPARELLO had the duty to report child abuse and they had the authority to investigate the abuse and take disciplinary action, but they acted with deliberate indifference by failing to make any report to take any corrective action until more than two months had passed since being made aware of the first allegation of suspected child abuse by Defendant VALERIO." *Id*.

"Under Title IX, '[n]o person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance.'" *Drye-Durden v. Stripling*, No. CIV.A. H-04-2817, 2006 WL 1663742, at *4 (S.D. Tex. June 14, 2006) (citing 20 U.S.C. § 1681(a); *Rosa H. v. San Elizario Independent School Dist.,* 106 F.3d 648, 652 (5th Cir. 1997)). In a case of sexual assault by a teacher, "a 'student cannot recover from the school district under Title IX unless the school district actually knew that there was a substantial risk that sexual abuse

would occur.' Thus, the Fifth Circuit requires some proof that the school district knew of a perpetrator's sexual proclivities." *Id*. (quoting *Rosa H.,* 106 F.3d 652-53). Furthermore, this actual knowledge must be had by "an official of the recipient entity with authority to take corrective action to end the discrimination," who then, acting with deliberate indifference, "refuses to take action to bring the recipient into compliance." *Gebser v. Lago Vista Indep. Sch. Dist.*, 524 U.S. 274, 290 (1998).[4] Deliberate indifference exists "only where the recipient's response to the harassment or lack thereof is clearly unreasonable in light of the known circumstances." *Davis Next Friend LaShonda D. v. Monroe Cty. Bd. of Educ.*, 526 U.S. 629, 648 (1999). Furthermore, in order for a school district to be liable for damages, the deliberate indifference of its employee must have "effectively caused the discrimination." *Id*. at 642-3 (citing *Gebser*, 524 U.S. at 291).

First, to the extent that Plaintiff argues that HISD's policies and procedures were insufficient, he fails to state a claim under Title IX. *Gebser*, 524 U.S. at 292-3. Second, Plaintiff does not allege that Gasparello, or any other HISD official, had actual knowledge of Valerio's actions or proclivities until his report of the alleged assault on February 1, 2013. (Document No. 1 at 6).[5] Therefore HISD cannot be liable for any of the alleged "grooming" which took place beforehand. *Id*. at 4-5. However, after February 1, 2013, Plaintiff has sufficiently alleged that an appropriate person (Gasparello) had actual knowledge of the assault. Therefore the inquiry becomes whether Gasparello's response to the allegation was "clearly unreasonable," and, if so, whether his deliberate indifference "effectively caused the discrimination."

---

[4] HISD "concedes for purposes of this Motion that Gasparello was an 'appropriate person' under Title IX." (Document No. 6 at 19).
[5] Plaintiff does make a conclusory allegation that "Defendants either knew or had constructive knowledge of Defendant VALERIO's past history of improper sexual conduct with students of Sharpstown High School." (Document No. 1 at 10). However, without additional details, this conclusory accusation is not sufficient to allege that any party had actual knowledge of Valerio's proclivities before the alleged assault. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 544 (2007).

Plaintiff has failed to adequately allege both. First, there is no indication that Gasparello's response to Plaintiff's allegation was "clearly unreasonable." Plaintiff states that he was transferred into another class "shortly thereafter," and that "during the semester" Plaintiff was contacted by an investigator with the Juvenile Sex Crimes Division. *Id.* at 6. Plaintiff also discussed the case with the Harris County District Attorney's Office. *Id.* at 7. Furthermore, HISD considered firing Valerio, although he eventually resigned. *Id.* at 8. Each of these occurrences suggests that Gasparello did not react to the accusation unreasonably, or with "deliberate indifference." Additionally, Plaintiff's allegations that Gasparello did not believe him do not amount to deliberate indifference. *Id.* at 7; *see Doe ex rel. Doe v. Dallas Indep. Sch. Dist.*, 220 F.3d 380, 388 (5th Cir. 2000) (principal's response to sexual assault allegations was not "inadequate," even when she mistakenly concluded that the allegations were false). Finally, Plaintiff's claim that Gasparello did not take action for more than two months is also insufficient because Plaintiff does not allege that he suffered any harm due to this delay, or that Valerio had any further contact with him. Therefore, even if Gasparello's failure to take prompt action can be described as deliberate indifference,[6] Plaintiff has not alleged any damages caused by this failure. For these reasons, Plaintiff's Title IX claim against HISD will be dismissed.

*Title IX Claim against Defendant Gasparello*

It appears that Plaintiff is also asserting his Title IX claim against Gasparello, but Title IX "has consistently been interpreted as not authorizing suit against school officials, teachers, and other individuals." *Fitzgerald v. Barnstable Sch. Comm.*, 555 U.S. 246, 257 (2009) (citations omitted). Therefore the Title IX claim against Gasparello, in both his individual and official capacity, will be dismissed.

---

[6] The Court does not opine on this matter specifically, as the exact timeline of the actions taken by Gasparello is unclear from the Complaint.

Conclusion

All of Plaintiff's claims will be dismissed.  Plaintiff's tort claims against all parties are barred, and will be dismissed with prejudice. Furthermore, Plaintiff's §1983 claim against Gasparello in his individual and official capacity will be dismissed with prejudice. Plaintiff's Title IX claim against Gasparello is not authorized by the statute, and will be dismissed with prejudice. HISD's motion to dismiss §1983 and Title IX claims against HISD will be dismissed without prejudice.  Therefore the Court hereby

ORDERS that Defendant Valerio's Motion to Dismiss (Document No. 12) is GRANTED. The claims asserted against Defendant Valerio are DISMISSED WITH PREJUDICE. The Court also

ORDERS that Defendant HISD's Motion to Dismiss (Document No. 6) is GRANTED in that the tort claims against HISD, the Title IX claim against Gasparello, and the §1983 claim asserted against Gasparello in his individual and official capacity, are all DISMISSED WITH PREJUDICE. The Court also

ORDERS that Plaintiff's §1983 and Title IX claims against HISD are DISMISSED WITHOUT PREJUDICE.

SIGNED at Houston, Texas, this 29th day of March, 2017.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE